# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Terrence J. Hickey and T. Patrick Broyhill, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Resolution Management Consultants, Inc., ) <br> and Jeffrey B. Kozek, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No.: 2:12-0707-PMD <br><br> **ORDER** |

This matter is before the Court upon Defendants' Motion to Reconsider this Court's Order dismissing Defendants' barratry counterclaim, or in the alternative, certify the following questions of law to the Supreme Court of South Carolina: (1) whether a barratry civil cause of action exists under the law, and (2) if so, the necessary elements to plead such a claim. For the reasons that follow, the Court denies Defendants' Motion to Reconsider and declines to certify the above questions.

In an Order dated June 29, 2012, this Court held that Defendants' failed to allege the necessary elements for a barratry claim as required by common law. In so holding, the Court disagreed with Defendants' position that "Plaintiffs' reliance on [*State v.*] *Chitty* [17 S.C.L. (1 Bail.) 379 (1830)] is ill-founded as the legislature clearly overruled the holding in *Chitty* by enacting S.C. Code Ann § 16-17-10." Defs.' Opp. Memo, at 13. The Court held that the legislature's enactment of a criminal statute prohibiting barratry in no way voided the existing common law concerning the tort of barratry. *See* S. C. Code Ann. § 16-17-50 (1985) (statutory barratry provisions are cumulative and not intended to repeal any common law provisions regarding barratry). Further, the Court highlighted the fact that in *Osprey, Inc. v. Cabana Ltd.*

1

*P'ship*, 532 S.E.2d 269 (S.C. 2000), a case relied upon by Defendants, the South Carolina Supreme Court explicitly cited to *Chitty* when defining barratry. *See Osprey*, 532 S.E.2d at 273 ("Barratry (or barretry) is the offense of frequently exiting and stirring up quarrels and suits between other individuals" (citing *Chitty*, 17 S.C.L. (1 Bail) at 400)). The Supreme Court also quoted the C.J.S. and Am.Jur.2d articles on champerty and maintenance, which provide that barratry is a "form[] of maintenance, which is defined as 'an officious intermeddling in a suit that in no way belongs to one, by maintaining or assisting either party with money or otherwise, to prosecute or defend [the suit].'" *Id.* The Court held that the common law definitions, as first announced in *Chitty* apply when addressing a civil, not criminal, barratry claim, assuming such a claim exists in South Carolina. The specific acts of barratry allegedly taken by Plaintiffs were removing the New Jersey actions, despite knowing the actions were not removable, and filing the current lawsuit, despite having argued to the New Jersey court that nearly identical claims brought against Plaintiffs were not ripe due to the related matters pending before the Court of Appeals of South Carolina. Defs.' Am. Answer ¶¶ 32, 33. Plaintiffs argued that Defendants' allegations merely stated that they have sued Defendants in actions seeking precisely the relief accorded to them under South Carolina law. The Court agreed and dismissed Defendants' barratry counterclaim.

Defendants now argue that this Court's Order was in error and moves for the reconsideration of its judgment. Reconsideration of a judgment is an extraordinary remedy which should be used sparingly. *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A motion to reconsider may be granted for three reasons: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or a manifest injustice. *Id.* Motions to

reconsider may not be used to initiate arguments or legal theories that the proponent had the ability to address prior to the judgment. *Id.* Defendants claim that reconsideration of the Court's Order dismissing their barratry counterclaim is necessary in order to correct a clear error of law. Defendants contend that if *Chitty* is controlling, then the Court misconstrued the holding in *Chitty*. To support their position, Defendants point to one line in the *Chitty* opinion where the authoring Judge expressed his inclination to agree with Serjeant Hawkins that one "who prosecutes an infinite number of unjust suits of his own, should [also] incur the penalties of barretry, where the object is vexation and oppression. *Chitty*, 17 S.C.L. (1 Bail.) 379, 1830 WL 1234, at *15 (S.C. Ct. App. 1830) (citing 1 Hawk. P.C. ch. 81, sec. 3). The Court first points out that its reliance on *Chitty*, a case decided in 1830, was limited to those portions relied upon and cited by the South Carolina Supreme Court in *Osprey*, a case decided in this century. Nowhere in the *Osprey* opinion does the Court adopt the Defendants' proposed definition of the civil offense of barratry. Furthermore, even if the Court were to accept Defendants' position, it finds that Defendants have merely alleged that Plaintiffs brought the current lawsuit, which is hardly an "infinite number of suits," and Plaintiffs' removal of the New Jersey Actions, which were filed by Defendants, was simply a procedural mechanism afforded to them under the Rules of Civil Procedure. Therefore, based upon the reasons stated herein and more fully discussed in the Court's prior Order, Defendants' Motion for Reconsideration is denied.[1]

---

[1] The Court declines to certify the questions of law proposed by Defendants to the Supreme Court of South Carolina.

## CONCLUSION

It is hereby **ORDERED** that Defendants' Motion for Reconsideration is **DENIED**.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**August 20, 2012**
**Charleston, SC**